RECEIVED
AUG 10 2026
BY:
DUPLICATE ORIGINAL

STATE OF MICHIGAN

IN THE 2nd CIRCUIT COURT FOR THE COUNTY OF BERRIEN
811 Port St., First Floor, St. Jospeh, MI 49085

TAMARA K. LINDSTEDT,

Plaintiff,

Case No. 2026- 0276 -NI

v

HON. CHARLES T. LASATA

SIDNEY ARMANDO ALARCON-GUERRA and
JLH TRANSPORTATION, INC., jointly and severally;

Defendant.

---

**Reh Starks (P76689)**
STARKS LAW, PLC
Attorney for Plaintiff
619 W Kalamazoo Ave
Kalamazoo, MI 49007
Ph: (269) 216-6006
Email: reh@starks-law.com
Asst: admin@murphyreedlaw.com

**Sidney Armando Alarcon-Guerra**
Defendant
91 Calvert Ln.
Ilderton, ON N0M2A0

**JLH Transportation, Inc.**
1292 Colonel Talbot Rd.
London, ON N6L1H8

---

There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in this complaint.

## COMPLAINT

NOW COMES Plaintiff, TAMARA K. LINDSTEDT, by and through her attorney, REH STARKS of STARKS LAW, PLC, and hereby states in support of her Complaint as follows:

1. Ms. Lindstedt is a resident of Berrien County, Michigan.
2. Defendant Sidney Armando Alarcon-Guerra ("Alarcon-Guerra") was a resident of Middlesex County, Ontario, Canada as of the date of incident.

3. Defendant JLH Transportation, Inc. ("JLH") was a Middlesex County, London, Ontario business authorized to operate in the United States out of Lancaster County, Pennsylvania[1].
4. Ms. Lindstedt's injuries originated in Berrien County, Michigan.
5. The amount in controversy exceeds twenty-five thousand dollars ($25,000.00), exclusive of costs, interest, and attorney fees.
6. Jurisdiction and venue are proper in Berrien County, Michigan.
7. This Complaint is timely filed.
8. On or about July 31, 2023, at approximately 2:20 p.m., Ms. Lindstedt, wearing her seatbelt, was operating her 2018 Chrysler Pacifica, slowing/stopping/stopped due to congested traffic on westbound I-94 in Berrien County.
9. On or about July 31, 2023, at approximately 2:20 p.m., Defendant Alarcon-Guerra was operating Defendant JLH's Truck/Bus/Commercial Vehicle on westbound I-94 in Berrien County when they failed to stop within an assured clear distance[2], thus rear-ending Ms. Lindstedt and causing an accident.
10. Ms. Lindstedt had no way to avoid the collision.
11. The force of the collision caused by Defendant Alarcon-Guerra forced Ms. Lindstedt through the I-94 cable barriers between eastbound and westbound traffic and across both eastbound lanes of traffic, before finally coming to a stop in the ditch side of eastbound I-94.
12. Ms. Lindstedt recalls being shaken and feeling hurt.

---

[1] https://safer.fmcsa.dot.gov/query.asp?query_type=queryCarrierSnapshot&query_param=USDOT&query_string=350960

[2] MCL 257.627

13. Medic 1 Ambulance transported Ms. Lindstedt to Watervliet Hospital in Watervliet, Michigan.

14. Ms. Lindstedt sustained injuries including, but not limited to:

    A. Physical injuries to her head, neck, shoulder(s), arm(s), hands, spine, hips, ankle/Achilles, and/or foot; and/or

    B. Mental and/or emotional injuries including, but not limited to, PTSD.

15. Ms. Lindstedt required surgical care and treatment for some of her injuries directly and/or proximately caused by this accident.

16. Ms. Lindstedt requires additional surgical care and treatment for some of her injuries directly and/or proximately caused by this accident.

17. Defendant Alarcon-Guerra owed Ms. Lindstedt the following duties of care:

    A. To operate their motor vehicle on the roadway in a manner and at a careful and prudent speed not greater than nor less than is reasonable and proper, having due regard to the traffic, surface, and width of the highway, and of any other condition existing at the time[3];

    B. Not to operate the vehicle heedlessly with willful and wanton disregard for the safety and rights of others[4];

    C. To keep their automobile constantly under control;

    D. To attempt to stop the vehicle when the Defendant knew, or should have known, that failure to do so would result in injury to Ms. Lindstedt;

[3] MCL 257.627(1);
[4] MCL 257.626(2);

E. To observe the highway surrounding Defendant's vehicle when Defendant knew, or should have known, that failure to observe Ms. Lindstedt's slowing/stopped vehicle would endanger the life or property of other persons using the roadway; etc.

18. Defendant's failure to abide by these duties of care are the direct and/or proximate cause of the collision that occurred and Ms. Lindstedt's injuries resulting therefrom.

19. Ms. Lindstedt's damages include, but are not limited to, the injuries otherwise asserted and set forth herein, as well as: pain; suffering; mental anguish; emotional distress; humiliation; fright; depression; possible future wage loss to the extent that such losses are recoverable and in excess of the no-fault statutory monthly and yearly maximums that are found to apply to the cause; loss of enjoyment of life; loss of professional opportunity; and other damages, injuries, and consequences that are found to be related to the automobile accident that are developed during the course of discovery, and to the extent that the damages are recoverable under the Michigan No-Fault Insurance Act.

20. Further, as a direct and proximate result of Defendant Alarcon-Guerra's negligence, Ms. Lindstedt suffered serious injuries and may continue to, in the future, suffer additional mental anguish, pain and suffering, injuries, and limitations, including serious impairment of bodily function or permanent and/or serious disfigurement and aggravation of any pre-existing conditions.

WHEREFORE, Ms. Lindstedt prays this Honorable Court award damages to her, and against Defendants, in an amount that exceeds twenty-five thousand dollars ($25,000.00), plus costs, interest, and attorney fees.

**Respectfully Submitted,**
**STARKS LAW, PLC**
**Attorneys for Plaintiff**

Dated: July 23, 2026

**By:**______________________
**Reh Starks (P76689)**